IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FRANK STEVEN DAVIS,
    Petitioner,

vs.                                    Case No.:  3:18cv1546/LAC/EMT

MARK S. INCH,[1]
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (ECF No. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (ECF No. 12). Petitioner responded in opposition to the motion to dismiss (ECF No. 14).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues presented by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is

---

[1] Mark S. Inch succeeded Julie L. Jones as Secretary of the Florida Department of Corrections, and is automatically substituted as Respondent.  *See* Fed. R. Civ. P. 25(d).

further the opinion of the undersigned that the pleadings and attachments before the court show that the habeas petition is untimely.

I.  BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF No. 12).[2] On July 11, 2012, Petitioner entered guilty pleas, in the Circuit Court for Escambia County, Florida, to the following charges in the following cases, upon the State's agreement to dismiss other, remaining charges and recommend a cap of ten (10) years in prison on all charges in all cases:

> 2011-CF-5904:  Count 1, Grand theft, 5 years of probation
>
> 2011-CF-5905:  Count 2, Dealing in stolen property by trafficking, 10 years in prison
>
> 2011-CF-5906:  Count 1, Grand theft, 5 years of probation; Count 2, Possession of burglary tools, 5 years of probation
>
> 2011-CF-6001:  Count 2, Dealing in stolen property by trafficking, 10 years in prison
>
> 2011-CF-6002:  Count 2, Dealing in stolen property by trafficking, 10 years in prison; Count 3, Fraud upon secondary metals recyclers, 5 years of probation
>
> 2011-CF-6003:  Count 2, Dealing in stolen property by trafficking, 10 years in prison

---

[2] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's motion to dismiss (ECF No. 12).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Case No.:  3:18cv1546/LAC/EMT

2011-CF-6004:  Count 1, Grand theft, 5 years of probation

2011-CF-6005:  Count 1, Grand theft, 5 years of probation

2011-CF-6006:  Count 1, Grand theft, 5 years of probation

2012-CF-169:  Count 2, Dealing in stolen property by trafficking, 10 years in prison

2012-CF-170:  Count 2, Dealing in stolen property by trafficking, 10 years in prison

2012-CF-171:  Count 2, Dealing in stolen property by trafficking, 10 years in prison

2012-CF-172:  Count 1, Grand theft, 5 years of probation

2012-CF-173:  Count 1, Grand theft, 5 years of probation

2012-CF-174:  Count 1, Grand theft, 5 years of probation

2012-CF-175:  Count 1, Grand theft, 5 years of probation

2012-CF-535:  Count 1, Grand theft, 5 years of probation

(Ex. A at 18–23). On August 21, 2012, the trial court sentenced Petitioner in accordance with the plea agreement (*id.* at 24–44).

The Florida First District Court of Appeal ("First DCA"), Case No. 1D13-3596, granted Petitioner a belated appeal (*id.* at 48–49). Davis v. State, 124 So. 3d 452 (Fla. 1st DCA 2013) (Mem). Petitioner, through counsel, filed an initial brief in the First DCA, Case No. 1D13-6017, arguing that the appeal was "wholly frivolous" (*see* Ex. A at 50–51, Ex. C). The First DCA granted Petitioner leave to file a pro se initial brief (*see id.*). Petitioner filed an initial brief (Ex. D). The First

Case No.:  3:18cv1546/LAC/EMT

DCA affirmed the judgment and sentence per curiam without written opinion on September 4, 2014, with the mandate issuing September 30, 3014 (Ex. I). Davis v. State, 149 So. 3d 2 (Fla. 1st DCA 2014) (Table).

On September 15, 2014, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. J at 1–12). In an order rendered October 2, 2014, the state circuit court struck the motion as facially insufficient, without prejudice to Petitioner's filing an amended motion within 60 days (*id.* at 13–14). Petitioner filed a timely amended motion (*id.* at 15–23). The circuit court again struck the motion as facially insufficient, without prejudice to Petitioner's filing a second amended motion (*id.* at 24–25). Petitioner filed a timely second amended Rule 3.850 motion on February 6, 2015 (*id.* at 26–40). The state circuit court summarily denied the motion on April 23, 2015 (*id.* at 42–44). Petitioner appealed the decision to the First DCA, Case No. 1D15-2553 (Ex. K). The First DCA affirmed the decision per curiam without written opinion on September 15, 2015, with the mandate issuing October 13, 2015 (Ex. M). Davis v. State, 174 So. 3d 997 (Fla. 1st DCA 2015) (Table).

On September 30, 2015, Petitioner filed a petition for writ of habeas corpus in the Circuit Court for Wakulla County, Florida, the county where he was in custody (Ex. N). The Wakulla County Circuit Court transferred the petition to the Escambia County Circuit Court (Ex. O). The Escambia County Circuit Court assigned Case

No. 2015-CA-1787 (*see* ECF No. 14, attached Appendix A). On February 1, 2016, Petitioner filed a petition for writ of mandamus in the First DCA, Case No. 1D16-0405 (*see id.*). On February 26, 2016, the circuit court denied the habeas petition without prejudice to Petitioner's filing a timely Rule 3.850 motion in his underlying criminal case(s) (Ex. P). On September 26, 2016, the First DCA dismissed the mandamus petition, in light of the lower court's issuing a ruling on Petitioner's habeas petition. Davis v. State, 200 So. 3d 1268 (Fla. 1st DCA 2016) (Table).

Petitioner filed his § 2254 petition on July 13, 2018 (ECF No. 1).

II. DISCUSSION

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period. *See* 28 U.S.C. § 2244(d)(2).

Respondent contends the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment, pursuant to § 2244(d)(1)(A) (*see* ECF No. 12 at 7). Petitioner does not argue that a different statutory trigger applies; instead, he makes an argument for equitable tolling (*see* ECF No. 14 at 1–3), which will be discussed *infra*.

The judgment of conviction becomes final, for purposes of § 2244(d)(1)(A), upon expiration of the 90-day period in which a defendant may seek direct review of his conviction in the United States Supreme Court. The 90-day period runs from the date of entry of the judgment sought to be reviewed. *See* Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006). Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also* Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

Calculating the finality date in Petitioner's case, the 90-day period for seeking certiorari review in the United States Supreme Court was triggered by the First DCA's affirmance in the direct appeal, on September 4, 2014, and it expired 90 days later, on December 3, 2014. However, on September 14, 2014, prior to expiration of the 90-day period, Petitioner filed a Rule 3.850 motion, which qualifies as a tolling motion under § 2244(d)(2). The Rule 3.850 motion reached final disposition on October 13, 2015, the date of the First DCA's mandate. But prior to that date, Petitioner filed a state habeas petition.[3] The state circuit court denied Petitioner's state habeas petition on February 26, 2016. Petitioner did not seek further review of the circuit court's decision, and the period to do so expired on March 28, 2016.[4] The federal limitations period commenced the next day, on March 29, 2016. The limitations period ran untolled until it expired on March 29, 2017. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494

---

[3] Respondent contends this petition was not "properly filed" and thus did not qualify as a tolling motion under § 2244(d)(2) (*see* ECF No. 12 at 9). However, the Eleventh Circuit has expressly rejected this argument. *See* Thompson v. Sec'y, Dep't of Corr., 595 F.3d 1233, 1236, 1239 (11th Cir. 2010).

[4] The 30-day deadline to seek review of the circuit court's denial of the habeas petition, by filing a petition for certiorari in the First DCA, fell on Sunday, March 27, 2016; therefore, Petitioner had until Monday, March 28, 2016, to file one. *See* Fla. R. App. P. 9.030(b)(2)(B); Fla. R. App. P. 9.100(c)(1); Fla. R. App. P. 9.420(e); Fla. R. Crim. P. 3.040; Fla. R. Jud. Admin. 2.514(a)(1)(C). Petitioner did not file a petition for certiorari.

F.3d 1286, 1289 n.1 (11th Cir. 2007)). Petitioner's federal habeas petition, filed on July 13, 2018, is therefore untimely.[5]

Petitioner appears to allege he is entitled to equitable tolling for the period his state habeas and mandamus petitions were pending (*see* ECF No. 14 at 1–3). However, as discussed *supra*, Petitioner's federal petition would still be untimely even if he received tolling for the entirety of that period.[6]

---

[5] Petitioner's mandamus petition does not qualify as a tolling application under § 2244(d)(2). The mandamus petition was not a direct request for judicial review of Petitioner's criminal judgment and did not provide the First DCA with authority to order relief from the criminal judgment. Instead, the mandamus petition sought an order directing the circuit court to timely consider his habeas petition (*see* ECF No. 14 at 6). The petition is thus not considered an application for "collateral review" within the meaning of § 2244(d)(2). *See* Wall v. Kholi, 562 U.S. 545, 556 n.4, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011) (distinguishing a motion to reduce sentence from "a motion for post-conviction discovery or a motion for appointment of counsel, which generally are not direct requests for judicial review of a judgment and do not provide a state court with authority to order relief from a judgment."); *see also* Brown v. Sec'y for the Dep't of Corr., 530 F.3d 1335, 1337 (11th Cir. 2008) (holding that a postconviction motion for DNA testing is not an application for collateral review within the meaning of § 2244(d)(2)).

Even if the court gave Petitioner the tolling benefit for his mandamus petition, his § 2254 petition would still be untimely. The First DCA denied Petitioner's mandamus petition on September 26, 2016. The federal limitations period would have commenced the next day, on September 27, 2016, and expired one year later, on September 27, 2017.

[6] Petitioner also submitted the Progress Docket Report from his state habeas case, Escambia County Circuit Court Case No. 2015-CA-001787, indicating that he filed several notices of inquiry after the court denied his habeas petition (*see* ECF No. 14 at 7, 8). Petitioner does not allege he did not receive a copy of the court's February 26, 2016 order denying his habeas petition, and the order itself states it was sent to Petitioner at his address of record (*see* ECF No. 12, Exs. N, P). Additionally, the online public docket of the First DCA in the mandamus action, Case No. 1D16-0405, of which the court takes judicial notice, indicates that in a show cause order issued to Petitioner on July 22, 2016, the First DCA notified Petitioner that the supplemental appendix filed in the mandamus action contained the circuit court's order dated February 26, 2016, denying the petition for writ of habeas corpus. Petitioner received the First DCA's show cause order, as evidenced by the fact that he timely responded to it, according to the First DCA's docket.

III.   CONCLUSION

Petitioner's federal habeas petition was not filed within the one-year statutory limitations period.  And Petitioner has not shown he is entitled to federal review of his petition through any recognized exception to the time bar.  Therefore, Respondent's motion to dismiss should be granted, and the habeas petition dismissed as untimely.

IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate

to deserve encouragement to proceed further.'"  Buck v. Davis, 580 U.S.—, 137 S. Ct. 759, 773, 197 L. Ed. 2d 1 (2017) (citing Miller-El, 537 U.S. at 327).  The petitioner here cannot make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The clerk of court is directed to substitute Mark S. Inch for Julie L. Jones as Respondent.

And it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 12) be **GRANTED**.

2. That the petition for writ of habeas corpus (ECF No. 1) be **DISMISSED** as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 5th day of April 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.:  3:18cv1546/LAC/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**